UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AEROSONIC CORPORATION,

    Plaintiff,

v.    CASE NO: 8:09-cv-1355-T-26EAJ

LIBERTY MUTUAL FIRE INSURANCE
COMPANY and ARTHUR J. GALLAGHER
RISK MANAGEMENT SERVICES, INC.,

    Defendants.
_____/

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

    Counter-Claimant,

v.

AEROSONIC CORPORATION,

    Counter-Defendant.
_____/

## O R D E R

Before the Court is Plaintiff/Counter-Defendant Aerosonic's Motion to Dismiss Liberty Mutual's Counterclaim (Dkt. 9), and Defendant/Counter-Claimant Liberty Mutual's Memorandum of Law in Opposition. (Dkt. 12). After carefully reviewing the allegations of the counterclaim for reformation (Dkt. 7), the Court finds that it is sufficiently pleaded under the dictates of Ashcroft v. Iqbal, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167

L.Ed.2d 929 (2007). The counterclaim alleges facts establishing that a contract for commercial property and casualty insurance was negotiated by Aerosonic, through its agent Gallagher, and Liberty Mutual. The main action seeks declaratory judgment with respect to a claim made after a fire damaged the "rear building" of the insured property. Additional allegations of the counterclaim meet the requirements for alleging a cause of action for reformation because they cover (1) the alleged mutual mistake between Aerosonic through Gallagher and Liberty Mutual or (2) the alleged unilateral mistake by Liberty Mutual coupled with Gallagher's inequitable conduct, inadvertence and/or accident with regard to (1) the identity of the insured locations and (2) the limits of liability applicable to those locations.[1] It is therefore **ORDERED AND ADJUDGED** that the Motion to Dismiss (Dkt. 9) is **DENIED**. Aerosonic shall file its answer to the counterclaim within ten (10) days from the date of this order.

**DONE AND ORDERED** at Tampa, Florida, on September 21, 2009.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record

---

[1] See Fidelity Phoenix Fire Ins. Co. v. Hilliard, 62 So. 585, 586 (1913) (stating that reformation of an insurance policy requires mutual mistake); Romo v. Amedex Ins. Co., 930 So.2d 643, 649 (Fla.Dist.Ct.App. 2006) (stating that reformation count must allege mutual mistake or unilateral mistake by one party coupled with inequitable conduct of the other party).